IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES WILLIAM ROBINSON,　　　　　　　　　　　　Civ. No.  06-1705-AA

　　　　Plaintiff,　　　　　　　　　　　　　　　ORDER TO AMEND

　　v.

WASHINGTON COUNTY, et al.,

　　　　Defendants.

AIKEN, Judge:

　　　Plaintiff filed suit on November 22, 2006 alleging excessive force against defendants, presumably pursuant to 42 U.S.C. § 1983. On April 4, 2007, the court ordered plaintiff to show cause why this case should not be dismissed for failure to prosecute, because it appeared that plaintiff had not served defendants.  After

1　　- ORDER

receiving correspondence from plaintiff, the court ordered plaintiff to submit a status report by May 10, 2007 with respect to plaintiff's stated intent to pursue related claims in another venue.

On May 8, 2007, plaintiff submitted a status report and indicated his intent to pursue his federal cause of action. On May 18, 2007, the court ordered plaintiff to effectuate service within thirty days. Plaintiff filed returns of service as to all defendants.

Defendants Washington County and Blalack argue that plaintiff has not effectuated service on defendants, because he has not served with a copy of his complaint, or with a complaint that meets the relevant pleading requirements. However, whether the allegations in plaintiff's complaint are deficient is an issue properly raised under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim rather than under Rule 4() for failure to serve.

Further, given plaintiff's *pro se* status, I am not inclined to dismiss plaintiff's complaint based on his alleged failure to serve defendants with an actual copy of his complaint. Defendants have actual notice of the allegations contained in plaintiff's complaint, such a deficiency is easily cured, and defendants have suffered no prejudice.

However, I agree with defendants that plaintiff's Complaint is

2    - ORDER

deficient in several respects.  While plaintiff alleges several instances of "excessive force," he fails to state the approximate date or location of the alleged events or a brief description of the facts that support his claims so that defendants have adequate notice.  See Fed. R. Civ. P. 8(a) (requiring the plaintiff to ; see also Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1968-70 (2007).

Despite these deficiencies, I decline to grant defendants' motions.  Generally, before a *pro se* plaintiff's civil rights complaint may be dismissed for failure to state a claim, the plaintiff must be given notice of the deficiencies of the complaint and an opportunity to amend unless it is clear from the face of the complaint that the deficiencies cannot be cured.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Thus, plaintiff will be given the opportunity to amend his complaint and cure the noted deficiencies.

Accordingly, defendants' Motions to Dismiss (docs. 13, 15) are DENIED with leave to renew upon filing of an amended complaint.

IT IS FURTHER ORDERED that **within thirty (30) days from the date of this order**, plaintiff shall file an amended complaint including the approximate date, location and a brief description of the alleged events giving rise to his claims of excessive force.  Plaintiff shall also serve defendants with his amended complaint by mailing or delivering a copy to defendants' counsel of record.

3    - ORDER

Plaintiff is advised that failure to timely file an amended complaint **will result in the dismissal of this proceeding** for lack of prosecution and failure to follow a court order.

IT IS SO ORDERED.

    Dated this  24  day of September, 2007.


                             /s/ Ann Aiken
                                 Ann Aiken
                     United States District Judge

4    - ORDER