FILED'08 NOV 24 11:27 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES WILLIAM ROBINSON,

    Plaintiff,

v.

STATE OF OREGON WASHINGTON
COUNTY, WASHINGTON COUNTY
POLICE OFFICER SHAWN BLALACH,
STATE OR OREGON CITY OF
BEAVERTON, CITY OF BEAVERTON
POLICE OFFICER TOM CRINO,

    Defendants.

Civ. No. 06-1705-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff, appearing *pro se*, filed suit against defendants alleging unlawful seizure, presumably pursuant to 42 U.S.C. § 1983. Defendants City of Beaverton and Officer Tom Crino now move for summary judgment. The motion is granted.

1   - OPINION AND ORDER

BACKGROUND

On May 23, 2006, at approximately 10:35 p.m., Washington County Deputy Shawn Blalach stopped a vehicle driven by plaintiff at the intersection of S.W. Carolwood Drive and S.W. Alameda Lane in Beaverton, Oregon. Deputy Blalach approached plaintiff and requested his license and registration information. Deputy Blalach subsequently informed plaintiff that his license was suspended and had been for over three years. Deputy Blalach told plaintiff that the vehicle he was driving would be towed and impounded because he had no valid driver's license. Plaintiff became angry and began yelling at Deputy Blalach.

Beaverton Police Officer Crino was dispatched as backup for Deputy Blalach. Deputy Blalach told Officer Crino that plaintiff was very upset that the vehicle was going to be towed due to plaintiff's suspended license. Officer Crino observed Deputy Blalach and plaintiff talking and heard Deputy Blalach instruct plaintiff to wait in the vehicle while he completed paperwork.

Officer Crino observed plaintiff appearing to talk to himself and wave his arms. Plaintiff began to exit the vehicle, and Officer Crino shouted, "Sir, stay in the car. Stay in the car, please!" Plaintiff ignored this command and continued to walk toward the front of the car. Officer Crino heard Deputy Blalach command plaintiff to remain in the vehicle several times. Plaintiff ignored these commands as well. Plaintiff stated that he

was going to sit on the curb and smoke.

The officer patted down plaintiff to check for weapons, and Deputy Blalach warned plaintiff against making quick or sudden movements and that he should cooperate. Deputy Blalach then instructed plaintiff to sit on the curb. Plaintiff sat down on the curb and smoked a cigarette while waiting for the tow truck.

Officer Crino observed plaintiff muttering to himself and believed that plaintiff was becoming upset.

Plaintiff then stood up in what Officer Crino believed was an aggressive manner. Officer Crino asked plaintiff to sit back down, but plaintiff refused. Officer Crino repeated his request, and plaintiff shook head, turned, and took a step away from the officer. Officer Crino grabbed plaintiff's arm and asked him to sit down. Plaintiff pulled his arm out of Officer Crino's grasp and faced Officer Crino in a manner that Officer Crino perceived as aggressive. Officer Crino grabbed plaintiff by the upper torso and took him to the ground, pushed him onto his stomach, and attempted to placed plaintiff's arms behind his back and handcuff hiim. Deputy Blalach ran over to assist Officer Crino in his efforts to handcuff plaintiff. Plaintiff actively resisted and tried to break free from the officers by kicking his legs and moving his arms. Ultimately, Officer Crino and Deputy Blalach were able to handcuff plaintiff, allegedly after Deputy Blalach placed his knee on plaintiff's back and pulled plaintiff's arm.

3   - OPINION AND ORDER

Plaintiff alleges that two charges were filed against him as a result of the stop, including one for Failure to Appear after the Washington County Circuit Court did not grant his request to reschedule a hearing with respect to his Driving While Suspended citation.

## DISCUSSION

The City of Beaverton moves for summary judgment on grounds that plaintiff fails to allege or establish municipal liability.[1] See Monell v. Department of Social Services, 436 U.S. 658 (1978); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). I agree. Plaintiff alleges no policy, practice, or custom by the City of Beaverton or a decision by a municipal policymaker that caused the alleged deprivation of his constitutional rights.

Next, Officer Crino argues that plaintiff's claims against him should be dismissed because plaintiff did not properly effectuate service. However, as I ruled previously, I am not inclined to dismiss plaintiff's complaint based on his alleged failure to effectuate service, given plaintiff's *pro se* status. Defendants have had actual notice of the allegations contained in plaintiff's complaint and have suffered no prejudice.

Officer Crino also moves for summary judgment on grounds of qualified immunity, because no Fourth Amendment violation occurred

---

[1] The court previously advised plaintiff regarding the standards applicable to motions for summary judgment under Federal Rule of Civil Procedure 56.

and no reasonable officer would have believed that the use of force against plaintiff was excessive. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001). Under the qualified immunity analysis, the court first determines whether the facts taken in the light most favorable to plaintiff establish a violation of the Fourth Amendment. Id. at 201. If the answer is yes, the immunity inquiry then focuses on whether the law was clearly established at the time of the alleged violation. Id.; see also Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007).

Here, I find no Fourth Amendment violation. Plaintiff does not dispute that he was angry and upset, failed to comply with Officer Crino's and Deputy Blalach's directions to stay in the car, failed to comply with the directive to sit on the curb, and resisted Officer Crino's attempts to restrain him after he failed to comply with the officers' orders and was perceived as a threat. Under these circumstances, Officer Crino's use of force to gain control over plaintiff was not excessive.

Even if a Fourth Amendment violation occurred, I find that Officer Crino is entitled to qualified immunity. Officers are entitled to qualified immunity unless they have "fair notice" that their conduct was unlawful "'in light of the specific context of the case.'" Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam) (quoting Saucier, 533 U.S. at 201). "If the law at that time did not clearly establish that the officer's conduct would

5   - OPINION AND ORDER

violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

In Meredith v. Erath, 342 F.3d 1057 (9th Cir. 2003), the Ninth Circuit found that officers were not entitled to qualified immunity for their use of force where the suspect "did not pose a safety risk and made no attempt to leave." Id. at 1061. In Winterrowd v. Nelson, 480 F.3d 1181 (9th Cir. 2007), the court likewise held that the use of force during a traffic stop was excessive when the driver "didn't resist the officers, nor did he flee." Id. at 1184. In this case, however, plaintiff does not dispute that he was upset and angry, failed to follow the officer's directions to stay in the car and then sit on the curb, and resisted Officer Crino when he attempted to restrain plaintiff. Therefore, it would not be clear to a reasonable officer that his actions in detaining plaintiff were unlawful in those circumstances, and Officer Crino is entitled to qualified immunity.

The City of Beaverton and Officer Crino also move for summary judgment on plaintiff's state law claim for defamation. Plaintiff claims that he was slandered when the Washington County Circuit Court failed to continue the date of his Driving While Suspended hearing and he was charged with Failure to Appear. However, plaintiff alleges no participation by the City of Beaverton or Officer Crino, and plaintiff's defamation claim is dismissed as to these defendants.

CONCLUSION

The City of Beaverton and Officer Crino's Motion for Summary Judgment (doc. 27) is GRANTED.

IT IS SO ORDERED.

Dated this 21 day of November, 2008.

_____
Ann Aiken
United States District Judge

7    - OPINION AND ORDER