FILED'09 MAR 03 15:33 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES WILLIAM ROBINSON,                 Civ. No. 06-1705-AA

    Plaintiff,                        OPINION AND ORDER

    v.

STATE OF OREGON WASHINGTON
COUNTY, WASHINGTON COUNTY
POLICE OFFICER SHAWN BLALACH,
STATE OF OREGON CITY OF
BEAVERTON, CITY OF BEAVERTON
POLICE OFFICER TOM CRINO,

    Defendants.

AIKEN, Judge:

Plaintiff, appearing *pro se*, filed suit against defendants alleging unlawful seizure and defamation. Defendants Washington County and Washington County Deputy Sheriff Shawn Blalack now move for summary judgment.[1] The motion is granted.

---

[1] In the caption, Blalack's name is misspelled as "Blalach." Previously, the court granted summary judgment in favor of defendants Washington County and Officer Crino.

1    - OPINION AND ORDER

BACKGROUND

On May 23, 2006, at approximately 10:35 p.m., Washington County Deputy Sheriff Shawn Blalack stopped a vehicle driven by plaintiff at the intersection of S.W. Carolwood Drive and S.W. Alameda Lane in Beaverton, Oregon. Deputy Blalack approached plaintiff and requested his license, registration information, and proof of insurance. Plaintiff produced the registration and insurance information but not his driver's license. Deputy Blalack subsequently informed plaintiff that his license was suspended and had been for over three years. Deputy Blalack told plaintiff that he would be cited for Driving While Suspended and that the vehicle he was driving would be towed and impounded. Plaintiff became angry and began yelling at Deputy Blalack.

Beaverton Police Officer Crino was dispatched as backup. Deputy Blalack told Officer Crino that plaintiff was very upset that the vehicle was going to be towed due to plaintiff's suspended license. Deputy Blalack instructed plaintiff to wait in the vehicle.

Deputy Blalack returned to his patrol car to complete necessary reports, communicate with dispatch to make towing arrangements, and make further inquiries concerning plaintiff's status and history.

Meanwhile, Officer Crino observed plaintiff talking to himself and waving his arms as he sat in the vehicle. Plaintiff began to

exit the vehicle, and Officer Crino shouted, "Sir, stay in the car. Stay in the car, please!" Plaintiff ignored this command and continued to walk toward the front of the car. Deputy Blalack also commanded plaintiff to remain in the vehicle. Plaintiff ignored these commands as well and stated that he was going to sit on the curb and smoke.

Deputy Blalack conducted a pat-down search for weapons and warned plaintiff that he must cooperate and not make quick or sudden movements. Deputy Blalack then instructed plaintiff to sit on the curb. Plaintiff sat down on the curb and smoked a cigarette while waiting for the tow truck. Officer Crino observed plaintiff muttering to himself and believed that plaintiff was becoming upset.

Plaintiff then stood up in what Officer Crino believed was an aggressive manner. Officer Crino asked plaintiff to sit back down, but plaintiff refused. Officer Crino repeated his request and plaintiff shook his head, turned, and stepped away from the officer. Officer Crino grabbed plaintiff's arm and asked him to sit down. Plaintiff pulled his arm out of Officer Crino's grasp, turned and faced Officer Crino in a manner perceived as aggressive. Officer Crino grabbed plaintiff by the upper torso and took him to the ground, pushed plaintiff onto his stomach, and attempted to place plaintiff's arms behind his back and handcuff him.

Deputy Blalack ran to assist Officer Crino. Plaintiff

actively resisted the officers' attempts to handcuff him and tried to break free by kicking his legs and moving his arms. Deputy Blalack placed his knee in the middle of plaintiff's back to keep him pinned to the ground, and Officer Crino and Deputy Blalack were able to handcuff plaintiff. Plaintiff again was ordered to sit on the curb.

After the vehicle was towed, plaintiff was allowed to stand up, released from the handcuffs, and given a citation to appear in court on the charge of Driving While Suspended.

Plaintiff apparently was also charged with Failure to Appear after the Washington County Circuit Court failed to grant a request to reschedule a court hearing. Ultimately, plaintiff was convicted of the charge of Driving While Suspended, and a fine was imposed.

## DISCUSSION

Washington County moves for summary judgment on grounds that plaintiff fails to allege an unconstitutional policy or custom to establish liability on the part of the County. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). I agree. Plaintiff alleges no policy, practice or custom by the County or a final decision by a policymaker that caused the alleged deprivation of his constitutional rights.

Deputy Blalack moves for summary judgment on grounds of qualified immunity, because no violation of plaintiff's Fourth

4   - OPINION AND ORDER

Amendment rights occurred and no reasonable officer would have believed that the use of force against plaintiff violated clearly established constitutional rights. See Saucier v. Katz, 533 U.S. 194, 202 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Saucier, the Supreme Court held that in determining qualified immunity, courts must first assess whether the facts taken in the light most favorable to plaintiff establish a violation of the Fourth Amendment. Saucier, 533 U.S. at 201. If the answer was yes, the immunity inquiry then focused on whether the law was clearly established at the time of the alleged violation. Id.; Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007).

However, the Supreme Court recently receded from Saucier's mandated two-step analysis. Pearson v. Callahan, 129 S. Ct. 808 (2009). The Court held that "while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory." Id. at 818. Rather, courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id.

Under the circumstances in this case, I apply the Saucier analysis and find no Fourth Amendment violation. Plaintiff does not dispute that Deputy Blalack had probable cause to stop him for driving erratically. Further, plaintiff does not dispute that his license was suspended and that Deputy Blalack and Officer Crino had

5    - OPINION AND ORDER

authority to impound the vehicle. Finally, plaintiff does not dispute that he was angry and upset, failed to comply with Officer Crino's and Deputy Blalack's directions to stay in the vehicle or on the curb, and physically resisted Officer Crino's attempts to restrain him after he ignored their commands. Under these circumstances, Deputy Balack's use of force in assisting Officer Crino gain control over plaintiff was not excessive.

Even if a Fourth Amendment violation occurred, I find that Deputy Blalack is entitled to qualified immunity. Officers are entitled to qualified immunity unless they have "fair notice" that their conduct was unlawful "'in light of the specific context of the case.'" Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam) (quoting Saucier, 533 U.S. at 201). "If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

In Meredith v. Erath, 342 F.3d 1057 (9th Cir. 2003), the Ninth Circuit found that officers were not entitled to qualified immunity for their use of force where the suspect "did not pose a safety risk and made no attempt to leave." Id. at 1061. Similarly, in Winterrowd v. Nelson, 480 F.3d 1181 (9th Cir. 2007), the court held that the use of force during a traffic was excessive when the driver "didn't resist the officers, nor did he flee." Id. at 1184. Here, plaintiff was angry, failed to follow the officers'

directions and resisted the officers' attempts to restrain him. Therefore, in these circumstances it would not be clear to a reasonable officer that his actions in restraining plaintiff were unlawful, and Deputy Blalack is entitled to qualified immunity.

Finally, Washington County and Deputy Blalack move for summary judgment on plaintiff's defamation claim. Plaintiff alleges defamation by the Washington County Circuit Court, a court that is an arm of the State of Oregon rather than Washington County. Accordingly, neither Washington County nor Deputy Blalack were involved with the failure to continue the date of plaintiff's hearing, and summary judgment is granted on this claim.

## CONCLUSION

Defendant Washington County and Deputy Blalack's Motion for Summary Judgment (doc. 37) is GRANTED. This case is dismissed. IT IS SO ORDERED.

Dated this 3RD day of March, 2009.

_____
Ann Aiken
United States District Judge

7    - OPINION AND ORDER